UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,

       -against-

RUTH L. MCCURDY, aka, RUTH WALKER,

                     Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 04-4450 (JS) (ARL)

**ARLENE R. LINDSAY, United States Magistrate Judge:**

By Order of Referral dated April 29, 2005, this matter was referred to the undersigned for the purpose of issuing a report and recommendation with respect to whether a default judgment should be entered, and, if so, the appropriate amount of damages, attorney's fees, and costs to be awarded to the plaintiff. For the reasons set forth herein, the undersigned recommends that a default judgment be entered against the defendant Ruth L. McCurdy, aka Ruth Walker, ("McCurdy") and that that the plaintiff United States of America be awarded damages in the amount of $ 2,855.43 on Claim Number C-112251W plus interest at a rate of 9.13% from May 20, 2005 to the date of judgment and $ 5,995.95 on Claim Number C-112252W plus interest at a rate of 8% from June 1, 2005 to the date of judgment, plus costs in the amount of $45.00 and attorney's fees in the amount of $ 900.00, for a total award of $ 9,796.38.

## BACKGROUND

On October 12, 2004, the plaintiff United States of America commenced this action by serving a copy of the summons and complaint on defendant Walker. Walker failed to answer, appear, or otherwise move, and the United States moved for a default judgment. The clerk of the court certified her default on April 12, 2005 and the plaintiff's motion for a default judgment was

referred to the undersigned. Walker has not submitted any papers in opposition to the entry of a default judgment or to the damages sought by the plaintiff.

## DISCUSSION

1) **DEEFENDANT'S DEFAULT:**

Federal Rule of Civil Procedure 55 establishes a two step process regarding default judgments. The Rule requires that: (1) the Clerk of the Court enter the party's default; and (2) a motion for entry of the judgment be made to the district court judge. Here, the clerk entered the defendant's default on April 12, 2005 and plaintiff moved for entry of the default judgment on December 22, 2004. As stated previously, defendant has not responded to the motion for entry of the default judgment.

In support of its motion for a default judgment, plaintiff has provided an affidavit of service of the complaint on the defendant. The affidavit of service reflects that service was properly made on the defendant on November 13, 2004. Accordingly, based on the facts set forth in the Affirmation of Michael T. Sucher, Esq. in support of the enry of a default judgment, the undersigned recommends that a default judgment be entered.

2) **DAMAGES:**

Because the plaintiff seeks a sum certain in this action, a detailed analysis of damages is unnecessary. The plaintiff seeks recovery on two notes, bearing Claim Nos. C-112251W and C-112252W, as follows:

Claim No. C-112251W:

    Principal                    $1,375.57

    Total Interest Accrued    $1,916.30

    Filing and Service of Process $ 195.00

    Total Owed                 $3,486.87

Claim No. C-112252W:

    Principal                   $2,799.21

    Total Interest Accrued     $3,232.28

    Filing and Service of Process $ 195.00

    Total Owed                 $6,072.49

See Sucher Aff. at ¶ 11.

The undersigned finds that the plaintiff's damages calculation is incorrect. Specifically, the Promissory Note for Claim No. C-112251W reflects that the defendant is indebted to the plaintiff in the principal amount of $1200, not $1,375.57 and the Promissory Note for Claim No. C-112252W reflects that the defendant is indebted to the plaintiff in the principal amount of $2625, not $2,799.33. The Certificates of Indebtedness, which confirm that the amount owed to the plaintiff is as set forth in the Promissory Notes, similarly contains a typographical error in the final calculations. This typographical error was carried over in the papers submitted in support of the default judgment the by plaintiff's counsel. Accordingly, the undersigned recommends that damages be awarded on Claim No. C-112251W in the principal amount of $1200.00 plus accrued interest of $1,655.43 and prejudgment interest at a rate of 9.13% from May 20, 2005 to the date of entry of judgment and on Claim No. C-112252W in the principal amount of $2,625.00 plus accrued interest of $3,370.95 and prejudgment interest at a rate of 8% from June

1, 2005 to the date of entry of judgment.[1]

**3) COSTS AND ATTORNEY'S FEES:**

In addition to damages, plaintiff seeks an award of costs, including attorney's fees, as collection fees in this matter. The assessment of collection fees against defaulted federal loans is authorized by regulations enacted pursuant to the Higher Education Act of 1965 (HEA), 20 U.S.C. §1071, *et seq.* One such regulation sets forth the mandatory terms of a federal student loan, and requires a promissory note to "state that the borrower shall pay all attorney's fees and other loan collection costs and charges." 34 C.F.R. §674.31. The promissory notes executed by Walker on March 24, 1988 duly provide that if Walker, as the borrower, fails to pay the amounts set forth in the notes when they are due, she "will pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts."[2] Federal law and regulations permit the imposition of collection charges in "an amount equal to the reasonable costs incurred by the agency in collecting a loan on which the agency has paid a default or bankruptcy claim. These costs may include, but are not limited to, all attorney's fees, collection agency charges and court costs." 34 C.F.R. §682.410(b)(2). The plaintiff is thus entitled to reasonable costs, including reasonable attorney's fees.

---

[1] The Affirmation of Michael T. Sucher, Esq. submitted in Support of the Amount Due states that interest is to be calculated at the rates of 9.13% and 8%, respectively. See Sucher Aff. at ¶ 11. While plaintiff's papers do not provide additional support for the application of these interest rates, the court accepts them as accurate given the defendant's default.

[2] Copies of the promissory notes were not in the original papers submitted by the plaintiff, but were forwarded to court at the request of the undersigned and are now part of the record before the court.

**a) Costs:**

The plaintiff seeks $195 in costs, consisting of $150 in filing fees and $45 for service of the summons and complaint. The United States is not required to pay a filing fee when initiating an action in federal court; no such payment is reflected in the Civil Docket for this case; and the plaintiff has not provided a receipt for payment of any filing fee. Thus, the claim for filing fees in the amount of $150 should be denied. The $45 service fee, on the other hand, is substantiated by an invoice from Federated Process Servers, Inc., and that amount should be awarded.

**b) Attorney's Fees:**

The plaintiff suggests an award of attorney's fees equal to 20% of the amount of damages - here, $1,550.093 - or, alternatively, an award based on 4.5 hours of attorney work at a rate of $350 per hour - $1,575. The plaintiff claims, first, that a fee of 20% of the recovery is "in line with the percentage awarded as reasonable attorney's fees by the federal courts." Sucher Aff. at ¶7. The cases relied upon by plaintiff, however, fail to support an award based on 20% of the amount sought.[3] Although a flat 20% approach may not result in an unreasonable fee in this matter, calculation of attorney's fees using such an approach could easily lead to an unreasonable result in other cases where the amount owed on the promissory note is significantly higher.

---

[3] None of the cases relied on by the plaintiff involves an award of fees in a student loan case and they are distinguishable on other grounds as well. See Yurman Designs, Inc. v. PAJ, Inc., 2002 WL 200242 (2d Cir. Feb. 8, 2002) (award of fees in complex case involving federal copyright and state unfair competition law); Wombles Charteres, Inc. v. Orix Credit Alliance, Inc., 1999 WL 988546 (S.D.N.Y. Nov. 1, 1999) (underlying promissory note expressly stated that attorney's fees would be 20% of monies due and owing, plus all costs and expenses of any suit); People's Westchester Sav. Bank v. Ganc, 715 F. Supp. 610 (S.D.N.Y. 1989) (noting that New York state courts have upheld fees as high as 20% of promissory notes' face value, but awarding only 10% of face value where hours spent were excessive, and listing factors to consider when determining reasonableness of attorney's fees).

Thus, the court declines to follow it.

The alternative approach suggested by the plaintiff is a basic lodestar calculation, that is, "reasonable number of hours spent multiplied by a reasonable hourly rate." See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). The entitlement to fees in this case, however, is not based on a typical fee-shifting statute giving rise to application of the lodestar approach. See, e.g., 42 U.S.C. §1988. Instead, the application here relies on elements of both contractual and statutory entitlement to fees. In awarding fees in student loan defaults, courts have looked to both the determination of what is "reasonable" in an award of contractual fees pursuant to a promissory note and to the lodestar approach. See, e.g., United States v. Mueller, CV 04-3063, Report and Recommendation, at 5-6 (E.D.N.Y. Dec. 22, 2004) (ETB), adopted (E.D.N.Y. Feb. 11, 2005) (JS). Underlying both approaches is the reasonableness of the fees sought. See, e.g., People's Westchester Sav. Bank v. Ganc, 715 F. Supp. 610 (S.D.N.Y. 1989) (citing National Commercial Bank and Trust Co. v. Farina's Mkt, Inc., 406 N.Y.S.2d 979, 980 (Albany County Sup. Ct. 1978) (when determining reasonableness of attorney's fees provided for by clause in promissory note, courts can consider time expended, nature of services performed, expertise of lawyers and benefits achieved for client); see also Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983) (listing factors courts can look to in determining reasonable fees to be awarded in lodestar context).

The plaintiff's counsel claims that "his office" spent approximately 4.5 hours litigating this matter and that his office's usual hourly rate is $350, and thus, asks for an award of $1,575. He lists, in his affidavit, the services typically performed by the office in a collection case resulting in a default. Sucher Aff. ¶ 8. The court finds that the services listed could reasonably

6

take 4.5 hours, and accepts that number as reasonable.

As to the hourly rate, however, the plaintiff has not submitted any information regarding the legal professionals whose services were used to prosecute this case. The court can not even discern from the information before it whether those persons are attorneys or support staff. Nor is any information provided concerning their level of experience. Counsel for the plaintiff suggests that court should, nonetheless, apply "the offices normal hourly rate" of $350.00, a rate that the court notes is typically reserved for senior partners in this area. The court declines to do so. Under the circumstances, the court finds that the plaintiff should be reimbursed at a rate of $200 per hour, consistent with the prevailing rates for senior associates in this district. See Matthews v. City of New York, CV 01-2739, 2003 U.S. Dist. LEXIS 16334, at * 16 ( E.D.N.Y., Aug. 27, 2003) (citing Fink v. City of New York, 154 F. Supp. 2d 403, 407 (E.D.N.Y. 2001)). Accordingly, the court recommends that the plaintiff be awarded attorney's fees in the amount of $900.

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to the plaintiff. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 4, 2005

/s/
ARLENE ROSARIO LINDSAY
United States Magistrate Judge
